IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KRISTINE BROMLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-01298 |
| ) | |
| **MEDICAL COMMERCIAL AUDIT, INC.** ) | |
| **d/b/a MCA MANAGEMENT COMPANY** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| John Hornug ) | |
| 2835A High Ridge Boulevard ) | **JURY TRIAL DEMANDED** |
| High Ridge, Missouri  63049 | |

## COMPLAINT

COMES NOW, Plaintiff, and for her Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

1

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Jefferson County, Missouri.

## PARTIES

4. Plaintiff is a natural person currently residing in Jefferson County, Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a collection agency with its principal place of business in High Ridge, Missouri.  The principal business purpose of Defendant is the collection of debts in Missouri and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a (6).

## FACTS

7. On or about December 6, 2015, Defendant began credit reporting a debt allegedly owed to Total Access Urgent Care in the amount of $398.

8. Credit reporting is considered collection activity under the FDCPA.

9. On or about June 16, 2016, Defendant reported an updated amount due of $497.

10. Upon information and belief, Plaintiff did not sign any agreement with the original creditor that would allow for a 25% increase in the balance due from December 2015 to June 2016.

11. Upon information and belief, Plaintiff did not sign any agreement that would obligate her to pay any amount other the balanced charged for the services she received.

## COUNT I: VIOLATIONS OF THE FDCPA

12. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

13. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Communicating a false impression of the amount of the debt.  15 U.S.C. § 1692e(2).

    b. Attempting to collect an amount Defendant is not entitled to collect.  15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____
**JAMES W. EASON, #57112
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com**